**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**ILLUMINATION STATION, INC.**                                                                                      **PLAINTIFF**

       **v.**          **Civil No. 10-3047**

**BERMAN INDUSTRIES, INC.;**
**ILLUMINATION HOME DECOR, LLC;**
**CASA CREATIONS, INC.;**
**RJB GROUP, LLC;**
**RONALD ARMSTRONG; and**
**ROBERT BERMAN**                                                                                                        **DEFENDANTS**

### O R D E R

    Now on this 11th day of August, 2011, comes on for consideration plaintiff's **Motion For Expedited Special Order Of The Court To Serve Process By Alternative Means** (document #64), and from said motion, and the supporting documentation, the Court finds and orders as follows:

    1.  Plaintiff's motion and supporting documentation reflect the following unsuccessful attempts to serve separate defendants Robert Berman ("Berman"), and RJB Group, LLC, through its registered agent Berman:

        \*   03/28/11 personal service attempted at office;

        \*   03/30/11 personal service attempted at residence;

        \*   04/01/11 personal service attempted at residence;

        \*   04/03/11 personal service attempted at residence;

        \*   04/04/11 personal service attempted at residence;

        \*   04/06/11 personal service attempted at residence;

        \*   04/11/11 personal service attempted at residence;

        \*   04/16/11 personal service attempted at residence;

        \*   04/25/11 personal service attempted at office;

    \*    04/28/11 personal service attempted at residence;

    \*    07/12/11 personal service attempted at office;

    \*    07/12/11 personal service attempted at residence;

    \*    07/14/11 personal service attempted at residence;

    \*    07/23/11 personal service attempted at office.

The Affidavits of the Process Server indicate that these service attempts were made at various times of the day, and that he spoke repeatedly with door attendants at the residence building and employees at the office building, trying to determine when Berman would be present. The nature of the responses to the Process Server's inquiries indicate that the residence and office addresses are, in fact, those used by Berman.

In light of the multiple unsuccessful attempts at service, plaintiff seeks leave to perfect service on these defendants by alternative means.

2. **F.R.C.P. 4(e)** allows service on an individual who has not waived service and is not a minor or an incompetent, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where . . . service is made." **F.R.C.P. 4(h)** makes this form of service applicable to corporations, partnerships, and unincorporated associations subject to suit under a common name.

3. The service in question is to be made in Illinois. Pursuant to **805 ILCS 5/5.25**, service of process on a domestic or foreign corporation in Illinois may be made by serving the Secretary

of State "[w]henever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this state."

Pursuant to **735 ILCS 5/2-203.1**, if service upon an individual defendant either in person or by leaving a copy at his usual abode with a person residing there is "impractical . . . the plaintiff may move, without notice, that the court enter an order directing a comparable method of service."

4.   The Court finds that plaintiff has demonstrated that the registered agent for RJB Group, LLC, cannot "with reasonable diligence be found at the registered office," and will authorize service upon that defendant by serving the Illinois Secretary of State in accordance with **805 ILCS 5/5.25.**

5.   The Court also finds that plaintiff has demonstrated that both personal and abode service on Berman are impractical, and will authorize a comparable method of service.

The method proposed by plaintiff is to leave copies of the Summons and Second Amended Complaint with the door attendant at Berman's residence building and with "security" at his office, and to mail copies to him.

The Court finds that this method of service is reasonably calculated to provide notice. In **In re Marriage of Schmitt**, **321 Ill.App.3d 360, 747 N.E.2d 524 (Ill. App. 2 Dist. 2001),** the court approved service pursuant to **§ 2/203.1** by leaving the summons and complaint with an individual defendant's employee, finding such

service "sufficient to convey notice" because "it is reasonable to believe that an employee would advise his employer that he had been served on the employer's behalf." **321 Ill.App.3d at 370, 747 N.E.2d at 533.** The method proposed by plaintiff is more likely to convey notice than that approved in **Schmitt**.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Expedited Special Order Of The Court To Serve Process By Alternative Means** (document #64) is **granted.**

**IT IS FURTHER ORDERED** that plaintiff is authorized to serve RJB Group, LLC, by serving the Illinois Secretary of State in accordance with **805 ILCS 5/5.25.**

**IT IS FURTHER ORDERED** that plaintiff is authorized to serve Robert Berman by leaving copies of the Summons and Second Amended Complaint with the door attendant at Berman's residence building and with an employee at his office building, as well as mailing copies to Berman by First Class Mail.

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**