IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ILLUMINATION STATION, INC.                                    PLAINTIFF

        v.            Civil No. 10-3047

BERMAN INDUSTRIES, INC.;
ILLUMINATION HOME DECOR, LLC;
CASA CREATIONS, INC.;
RJB GROUP, LLC;
RONALD ARMSTRONG; and
ROBERT BERMAN                                                 DEFENDANTS

                         O R D E R

        Now on this 26th day of September, 2011, come on for
consideration the following:

        *    **Defendant Ronald Armstrong's Motion To Dismiss Or, In The
Alternative, Motion To Stay Case** ("First Motion To
Dismiss")(document #45);

        *    **Motion To Set Aside Clerk's Entry Of Default As To
Illumination Home Decor, LLC And Casa Creations, Inc.** ("Motion To
Set Aside Default")(document #53); and

        *    **Motion To Dismiss Or, In The Alternative, Motion To
Transfer Venue And Consolidate Of Separate Defendants Ronald
Armstrong, Illumination Home Decor, LLC And Casa Creation, Inc.**
("Second Motion To Dismiss")(document #58),
and from said motions, and the response thereto, the Court finds and
orders as follows:

        1.   Plaintiff Illumination Station, Inc. ("Illumination
Station") asserts multiple causes of action said to have arisen out
of commercial relationships and transactions involving the

defendants and relating to the buying and selling of home decor items.  The defendants are Ronald Armstrong ("Armstrong") and two entities he controls, Illumination Home Decor, LLC ("IHD") and Casa Creations, Inc. ("Casa"); Robert Berman ("Berman"); Berman Industries, Inc. ("Berman Industries"), an entity of which Berman and Armstrong are both officers; and RJB Group, LLC ("RJB").

2.    The initial Complaint named Bank of America, N.A. and Berman Industries as defendants.  A First Amended And Restated Complaint ("First Amended Complaint") added claims against Armstrong, IHD, Casa, Berman, and RJB.

In response to the First Amended Complaint, Armstrong filed the First Motion To Dismiss.  Before disposition of that motion, Illumination Stations filed its Second Amended And Restated Complaint ("Second Amended Complaint") and Armstrong, IHD, and Casa filed the Second Motion To Dismiss.

The First Motion To Dismiss contends that this Court lacks personal jurisdiction over Armstrong and that the First Amended Complaint fails to state a claim.  These arguments are repeated in the Second Motion To Dismiss, and consequently the Court finds the First Motion To Dismiss moot.

3.    On March 31, 2011, the First Amended Complaint was served on Patrick Mitchell ("Mitchell), Registered Agent for both IHD and Casa.  When these defendants failed to timely respond, Illumination Station obtained a Default against each of them.

IHD and Casa move to set aside the Default, contending that Mitchell did not inform Armstrong (Managing Member of IHD and

President of Casa) that he had been served with the First Amended Complaint until April 26, 2011, and that they would have meritorious defenses against the First Amended Complaint for the same reasons set forth in the First Motion To Dismiss.

A default judgment may be set aside where there is mistake, inadvertence, surprise, or excusable neglect; the defaulting party makes some showing of a meritorious defense; and the opposing party would not be prejudiced if the default is excused. **Stephenson v. El-Batrawi**, **524 F.3d 907, 912-14 (8th Cir. 2008)**. The same factors are relevant in determining whether to grant relief from an entry of default, but a lesser showing is required. **Johnson v. Dayton Electric Mfg. Co.**, **140 F.3d 781, 783 (8th Cir. 1998)**. While default is appropriate in some situations, there is "a 'judicial preference for adjudication on the merits'." *Id.*

The reason given by IHD and Casa for failure to respond to the First Amended Complaint is that they did not know about it because their registered agent failed to notify Armstrong about service of process. This satisfies the relatively low hurdle of excusable neglect.

The showing of a meritorious defense is slim, colorable at best, but in light of the preference for adjudication on the merits, the Court will give IHD and Casa the benefit of the doubt.

There is no reason to believe Illumination Station will be prejudiced by setting aside the Default. This case has moved slowly to date, for reasons entirely unrelated the default of IHD and Casa,

and discovery has not commenced.

When the Court weighs all three factors, in light of the relatively modest burden for setting aside a default, it finds that the Motion To Set Aside Default should be granted.

4.   In its Second Amended Complaint, Illumination Station asserts the following claims:

*   that Berman Industries has been unjustly enriched at the expense of Illumination Station;

*   that Berman, Armstrong, and Berman Industries violated the Arkansas Deceptive Trade Practices Act;

*   that Berman, Armstrong, and Berman Industries defrauded Illumination Station;

*   that all defendants engaged in the making of fraudulent conveyances in violation of both Arkansas and Illinois law;

*   that all defendants engaged in a civil conspiracy to defraud Illumination Station; and

*   that the corporate veil of Berman Industries should be pierced so as to allow Illumination Station to reach the assets of Berman and Armstrong personally.

5.   Armstrong, IHD and Casa move the Court to dismiss these claims, or to transfer them to the United States District Court for the Northern District of Illinois.  In support of dismissal, they contend that this Court lacks personal jurisdiction over them and that the Second Amended Complaint fails to state a claim upon which relief can be granted.  In support of transfer, they contend that the matter should be consolidated with a "parallel action" pending

-4-

in Illinois (the "Illinois Case").

Illumination Station objects to all types of relief requested in the motion.

6. As plaintiff, Illumination Station has the burden of proving by a preponderance of the evidence that the Court has personal jurisdiction over defendants. **Dakota Industries, Inc. v. Dakota Sportswear, Inc.**, **946 F.2d 1384 (8th Cir. 1991).** The Eighth Circuit has had many opportunities to review the requirements of personal jurisdiction in a diversity case such as the one at bar. The relevant principles may be quoted from one such case, **Burlington Industries, Inc. v. Maples Industries, Inc.**, **97 F.3d 1100 (8th Cir. 1996),** as follows:

> In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment. We have previously recognized that the Arkansas long-arm statute authorizes jurisdiction over foreign corporations to the fullest extent allowed by constitutional due process.

> Due process requires "minimum contacts" between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice. The defendant's conduct and connection with the forum state must be such that defendant should "reasonably anticipate being haled into court there."

> Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.

>       Where specific personal jurisdiction over a non-resident
>       is asserted, due process is satisfied if the defendant
>       has purposely directed its activities at forum
>       residents, and the litigation results from injuries
>       arising out of, or relating to, those activities.

(Internal citations omitted.)

7.   **Burlington** sets out five factors to be considered in evaluating a challenge to personal jurisdiction:

*   the nature and quality of defendant's contacts with the forum state;

*   the quantity of defendant's contacts with the forum state;

*   the relationship between defendant's contacts with the forum state and the cause of action asserted against it;

*   the interests of the forum state in providing a forum for plaintiff to resolve its dispute with defendant; and

*   the convenience of the parties.

The first three of these factors are the most important, with the last two being of lesser importance.

8.   The evidence with regard to whether Armstrong, IHD and Casa purposely directed their activities at Illumination Station, an Arkansas resident, comes from the Declaration of Steve Pederson ("Pederson"), owner, officer and corporate representative of Illumination Station, and the Declaration of Armstrong, Managing Member of IHD and President of both Casa and Berman Industries.

(a)   Pederson averred that he and his wife had become friends with Armstrong and his wife, and that Armstrong visited Arkansas

-6-

ten to twelve times a year in the last ten years, both for business and recreational purposes. Pederson averred that during those years, Armstrong also directed numerous telephone calls and much written and electronic correspondence to Illumination Station's offices in Arkansas.

Pederson averred that Armstrong visited Harrison about half a dozen times in early 2009 "to discuss the status of Berman Industries' business and to induce additional orders from [Illumination Station] based upon representations that [Berman and Armstrong] would invest additional monies into Berman Industries to keep it afloat."

Pederson averred that from June to September of 2009, Armstrong spent about half of each month in Harrison, conducting business on behalf of IHD and Casa, staying at least part of the time in Pederson's home and conducting business out of Illumination Station's offices.

(b) Armstrong averred that Berman Industries was an Illinois corporation headquartered in Chicago, which manufactured and sold light fixtures and related products for some forty years, until it closed on April 21, 2009. Armstrong further averred that Berman Industries conducted its business from Chicago, and that many former employees still reside in that area.

Armstrong averred that Illumination Station directed its payments to Berman Industries in Chicago, and that when Illumination Station's account balance got out of hand, Armstrong

-7-

handled negotiations to reduce it from Chicago.

9.   The Court need not dwell at length on the last two factors.   It is axiomatic that states have an interest in providing a forum for their citizens to resolve disputes, and as analyzed in ¶12, infra, there is no evidence one way or the other about the convenience of the parties.

10.   The averments of Armstrong and Pederson are not contradictory, and when the Court evaluates them it concludes that Armstrong had sufficient contacts with Arkansas, and with Illumination Station and its officer Pederson in Arkansas, to justify this Court's exercise of personal jurisdiction over him. Pederson's Declaration averred to numerous business contacts -- in person, by telephone, by mail, and by internet -- made by Armstrong, and to a significant amount of time spent in the state, in the offices of Illumination Station, doing business related to Illumination Station.

Pederson's Declaration also supplies evidence sufficient to justify the exercise of personal jurisdiction over IHD and Casa, in that he avers Armstrong spent many weeks in Arkansas in the Summer of 2009 conducting business on behalf of these entities.

For these reasons, the Court finds that the Second Motion To Dismiss should be denied insofar as it seeks dismissal for lack of personal jurisdiction over Armstrong, IHD, and Casa.

11.   Armstrong, IHD and Casa also contend that the Second Amended Complaint fails to state a claim upon which relief can be

granted.   Their arguments in this regard are so insufficiently fleshed out that the Court will not consider them, and the Second Motion To Dismiss will be denied insofar as it seeks dismissal on this basis.

12.  Finally Armstrong, IHD and Casa contend for transfer on the basis that there is a "parallel action" pending in Illinois. The Court is aware that there is a related action pending in Illinois, having dismissed Illumination Station's claims against Bank of America, N.A., because mirror image claims had been previously filed in the United States District Court for the Northern District of Illinois.

Movants also contend that transfer would fulfill the purposes of **28 U.S.C. § 1404(a)**, preventing the waste of time, energy and money and protecting litigants, witnesses, and the public against unnecessary inconvenience and expense.   They make no effort to substantiate this sweeping contention, other than to refer to a letter from counsel for Illumination Station to Armstrong in which it is asserted that the case at bar and the Illinois Case are "inextricably intertwined."

Under **§ 1404(a)**, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where ti might have been brought."   The party seeking transfer has the burden of proving that it is warranted, and considerable deference is given to the plaintiff's choice of forum. **Terra International, Inc. v.**

-9-

**Mississippi Chemical Corp.**, 119 F.3d 688, 695 (8th Cir. 1997).

Movants have not carried their burden of justifying a transfer in this case.  There is no evidence that the claims against Armstrong, IHD and Casa are mirror images of any claims asserted in the Illinois Case, nor that such were filed earlier than the claims against them in the case at bar.  The statements of plaintiff's counsel in his letter to Armstrong are not evidence.

Moreover, Armstrong, IHD and Casa made no effort to demonstrate that the convenience of parties or witnesses weighs in favor of transfer. The Second Motion To Dismiss will, therefore, be denied insofar as it requests a transfer of this case to the United States District Court for the Northern District of Illinois.

**IT IS THEREFORE ORDERED** that **Defendant Ronald Armstrong's Motion To Dismiss Or, In The Alternative, Motion To Stay Case** (document #45) is **moot**.

**IT IS FURTHER ORDERED** that the **Motion To Set Aside Clerk's Entry Of Default As To Illumination Home Decor, LLC And Casa Creations, Inc.** (document #53) is **granted**.

**IT IS FURTHER ORDERED** that the **Motion To Dismiss Or, In The Alternative, Motion To Transfer Venue And Consolidate Of Separate Defendants Ronald Armstrong, Illumination Home Decor, LLC And Casa Creation, Inc.** (document #58) is **denied**.

**IT IS SO ORDERED.**

        /s/ Jimm Larry Hendren
        **JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT JUDGE**

-10-